IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHANIE BYARS and JOVAN BYARS, SR., | |
| Plaintiffs, | **8:24CV320** |
| v. | **MEMORANDUM AND ORDER** |
| WALMART, INC., WALMART CLAIMS SERVICES, INC., and WALMART REAL ESTATE BUSINESS TRUST, | |
| Defendants. | |

On or about July 28, 2020, plaintiff Stephanie Byars ("Byars") was shopping at a WalMart, Inc. ("Walmart") store in Omaha, Nebraska. As she walked through the store, she slipped on a puddle of water and fell to the floor, injuring her left knee. She attributes the water hazard to a faulty floor scrubber used by Walmart employees at the store.

Convinced Walmart is responsible for the fall, Byars and her husband, plaintiff Jovan Byars, Sr. ("Jovan" and together, the "plaintiffs"), sued the company in the District Court of Douglas County, Nebraska (Filing No. 1-1). They also named as defendants WalMart Claims Services, Inc. ("Walmart Claims"), which services claims for Walmart, and the WalMart Real Estate Business Trust (collectively, the "defendants"), which owned the store. The plaintiffs assert four causes of action against the defendants: (1) negligence, (2) premises liability, (3) storekeeper's liability, and (4) loss of consortium.

The defendants timely removed the case to federal court based on diversity jurisdiction (Filing No. 1). *See* 28 U.S.C. §§ 1332(a), 1441(a). Now pending is the

defendants' Motion to Dismiss (Filing No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6).

In deciding such a motion, the Court accepts the well-pleaded facts as true and views them "in the light most favorable to the nonmoving party." *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024). "To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter" to state "'a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In this case, the defendants do not move to dismiss the complaint entirely. Rather, they argue the Court should dismiss Walmart Claims as a party because the plaintiffs have failed to allege sufficient facts to state a claim against it. They also move to dismiss the plaintiffs' "claims for 'premises liability' and 'storekeeper's liability' as duplicative of their first cause of action for 'negligence.'" *See FDIC v. Fitl*, No. 8:14CV346, 2016 WL 4591899, at *3 (D. Neb. Sept. 2, 2016) (stating courts should dismiss duplicative claims—"those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available"—as a matter of judicial economy (quoting *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010))). They also point out Nebraska does not recognize a separate claim for "storekeeper's liability."

The plaintiffs have not responded to the defendants' motion, and the time to do so has now passed. Under Nebraska Civil Rule 7.1(b)(1)(C), the plaintiffs' failure to file an opposing brief does not constitute a confession of the defendants' motion. But it does waste an opportunity to enlighten the Court as to their position on the issues and highlight any shortcomings they might see in the defendants' proposed grounds for partial dismissal.

Absent that, the Court finds that some of the defendants' arguments are well-taken. To start, the Court agrees that the plaintiffs fail to state a plausible claim for relief against Walmart Claims.  *See* Fed. R. Civ. P. 12(b)(6).  Aside from the caption, the complaint mentions Walmart Claims only once—and, even then, only to say the company "services the claims of the parent company, Walmart."  The plaintiffs do not allege that Walmart Claims owned or possessed the store where Byars fell or otherwise owed her any duty relative to the plaintiffs' claims.  In the end, the plaintiffs have not provided sufficient factual content to allow the Court to reasonably infer that Walmart Claims is liable for Byars's fall and any resulting harms.  *See Iqbal*, 556 U.S. at 678.

Turning to the plaintiffs' claim for "storekeeper's liability," the plaintiffs—having failed to respond to the defendants' motion—have not cited, and the Court has not found, any Nebraska authority recognizing a distinct claim for "storekeeper's liability."  *Cf. Herrera v. Fleming Cos.*, 655 N.W.2d 378, 381 (Neb. 2003) (noting the district court described a slip-and-fall premises-liability case as raising "a question of storekeeper liability to a business invitee").  That claim therefore is properly dismissed on this record.

That leaves the plaintiffs' negligence and premises-liability claims.  In Nebraska, a case alleging that a landowner or possessor of land failed "to protect lawful entrants from a dangerous condition on the land" is a premises-liability case and must be analyzed under that framework.  *Sundermann v. Hy-Vee, Inc.*, 947 N.W.2d 492, 504 (Neb. 2020).  To prove such a claim, the plaintiff must show the following:

> (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

3

*Strahan v. McCook Hotel Grp., LLC*, 10 N.W.3d 187, 196 (Neb. 2024); *see also* NJI2d Civ. 8.26 and 8.83.

But, as the defendants acknowledge, "[n]ot every negligence action involving an injury suffered on someone's land is properly considered a premises liability case." *Strahan*, 10 N.W.3d at 195. Depending on the circumstances, a plaintiff may have a pure negligence case, rather than a premises-liability case. *See*, *e.g.*, *Sundermann*, 947 N.W.2d at 504 (drawing that distinction); *accord* NJI2d Civ. 8.26 at 760 n.9 (describing a pure negligence claim against a contractor that did not own or occupy the land where the plaintiff was injured).

Here, the plaintiffs' negligence and premises-liability claims are both largely couched in the premises-liability terms set forth in cases like *Sundermann* and *Strahan*. For example, each cause alleges a known dangerous condition, an unreasonable risk of harm, and a lack of reasonable care to protect a lawful visitor like Byars. That lends some credibility to the defendants' assertion that the plaintiffs' first two causes of action both state claims for premises liability. *See Sundermann*, 947 N.W.2d at 504 (concluding the plaintiff's case was a premises-liability case because she "sued the owner and possessor of property, claiming she was injured by an unreasonably dangerous condition on the property").

That said, the challenged claims are not identical, and the defendants' singular focus on the specifics of the plaintiffs' proposed legal theories is misplaced at this early stage. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). In deciding whether a complaint gives sufficient notice of a plausible claim, the Court focuses on "[t]he well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein." *Id.* at 848-49

4

(explaining "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory"); *see also Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022). The plaintiffs' complaint gives fair notice of their claims—even if it seems unlikely at this point that they can prevail on both theories. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))).

What's more, in moving to dismiss what they see as duplicative claims, the defendants tout judicial economy. *See FDIC*, 2016 WL 4591899, at *3. Yet the Court does not see any great efficiency in having the Court analyze the proper scope of premises-liability under Nebraska law in an attempt to narrow the claims at this point, particularly in the absence of any real risk of confusion, material waste of resources, or double recovery. *See id.* (declining to dismiss a count as duplicative for those reasons). In these circumstances, drawing the Court into that issue at this early stage arguably cuts the other way.

Based on the foregoing,

IT IS ORDERED:

1.    Defendants WalMart, Inc., WalMart Claims Services, Inc., and the WalMart Real Estate Business Trust's partial Motion to Dismiss (Filing No. 6) is granted in part and denied in part as set forth in this Memorandum and Order.

2.    WalMart Claims Services, Inc. is dismissed with prejudice as a party to this action.

3.    Plaintiffs Stephanie Byars and Jovan Byars, Sr.'s separate cause of action for storekeeper's liability against the remaining defendants is likewise dismissed with prejudice. Their negligence and premises-liability claims remain pending.

Dated this 24th day of September 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge